No. 18,691.

THE STATE OF KANSAS, ex rel. DORA J. RUSSELL, *Appellee*, v. GEORGE T. WILLIAMS, *Appellant*.

SYLLABUS BY THE COURT.

1. ILLEGITIMATE CHILD—*Maintenance—Mistake in Title of Cause —Not Fatal to Recovery*.  Although the statute requires proceedings to charge the father of an illegitimate child with its maintenance to be prosecuted in the name of the state on the relation of the mother, the fact that the plaintiff is described in the papers simply as the state of Kansas, without reference to the relator, is not a good ground for an objection to the judgment.

2. SAME—*Statements by Defendant—Competent Evidence*.  In such a proceeding it is not error to admit evidence that the defendant stated to a lawyer who had at one time represented the complainant, but no longer did so, that he would rather pay something than be sued.

3. SAME—*Instruction Refused—Not Material Error*.  In such a proceeding, the court having instructed that the jury might take into account the conduct of the defendant with regard to the complainant, and every other fact and circumstance tending to throw light on the issue, it was not material error to refuse to instruct that evidence of his having assisted her would not justify the assumption that he was the father of her child.

Appeal from Harvey district court; CHARLES E. BRANINE, judge.  Opinion filed June 6, 1914.  Affirmed.

*John W. Adams,* and *George W. Adams,* both of Wichita, for the appellant.

*John S. Dawson,* attorney-general, *Harry W. Hart,* county attorney, and *Ezra Branine,* of Newton, for the appellee.

The opinion of the court was delivered by

MASON, J.:  Dora J. Russell instituted proceedings against George T. Williams to charge him with maintenance of her illegitimate child.  A judgment was rendered against him, and he appeals.

Objection is made on the ground that in the title of the case, in the complaint, and other parts of the record prior to the judgment, the plaintiff was described as "The State of Kansas," instead of "The State of Kansas on the relation of Dora J. Russell." The matter is not material. It appears that on the face of the complaint, after the jurat, the words were written: "Filed and commenced on the relation of Dora J. Russell, in the name of The State of Kansas," the signature of the county attorney being added. But apart from this the character of the proceeding was obvious on the face of the papers, and the name of the complainant advised the defendant upon whose relation it was brought. No objection was made to the title until after the trial.

An objection is made because the complainant was allowed to testify that she thought the defendant was the father of her child. The child was born January 13, 1912. She testified that during the months of March, April and May, 1911, she had sexual intercourse with no one else. Her opinion as to the paternity of the child in view of this testimony was not important, but it was not prejudicial.

A prior complaint had been made and left with a lawyer, charging one Elliott with the paternity. The complainant explained this by saying that, having been misinformed as to the stage of her pregnancy, she at the time supposed Elliott to be responsible for her condition, but that in fact she had not had intercourse with him since February 12. The lawyer who had represented her in her contemplated proceedings against Elliott was permitted to testify that Williams came to him and asked if he represented Dora Russell; that he answered that he had done so, but the relationship had ceased; that Williams said he would be willing to pay some amount rather than be sued; that the witness replied that he would write to the complainant, and believed a settlement could be made. The objection is urged that a part of this testimony comes within the rule that an offer of compromise is not to be ac-

The State, *ex rel.*, v. Williams.

cepted as evidence of liability on the part of him who makes it. Assuming the soundness of the rule, and its application to this kind of proceeding, we think it was not violated here because the statement of the defendant was not strictly an offer of compromise, and was not made to a representative of the complainant. On cross-examination the witness was asked whether he had in his possession a complaint charging Elliott with the paternity of the child. An objection to the question was sustained. The complaining witness had testified to signing such a complaint, so the matter was not important, even if the question was within the scope of cross-examination. A physician testified that the author of a certain medical work was recognized as an authority. The defendant offered in evidence an extract from the work stating the conclusions of various observers as to the period of gestation. This is not a recognized method of proof (17 Cyc. 270), but the witness had already testified that the longest period given by the authorities was 334 days, and that was the most important part of the extract offered. Other objections to the admission and rejection of evidence are thought to go rather to its weight than to its competency.

There was evidence that the defendant accompanied the complainant to a physician, and in various ways showed interest in her condition. The court gave an instruction that the jury might take into account his conduct with regard to her, and every other fact and circumstance tending to throw light on the issue. The defendant requested an instruction, which was refused, to the effect that evidence of his having assisted the complainant would not justify the assumption that he was the father of the child, but could only be considered as a circumstance in the case. The instruction asked might have been given without error, but it can not be held to have been essential to a fair consideration of the case. The court's instruction did not give an

34—92 KAN.

undue effect to the evidence concerning the assistance rendered to the complainant by the defendant. The court also instructed the jury that if they found the defendant to be the father of the child they should return a verdict against him notwithstanding they might believe that the mother had had sexual intercourse with others before and after she became pregnant. It is urged that an exception should have been made to this with respect to acts of copulation close to the supposed time of conception. The medical testimony was that the child's condition indicated a normal development, and as the complainant testified to having been otherwise continent during March, April and May, the question was merely one of her veracity. An instruction was also given that the complainant's character for chastity was immaterial except as an aid to determining whether the defendant was the father of her child. It is objected that this prohibited the jury from considering her unchastity as affecting her credibility. We do not think it fairly open to that construction.

Complaint is made of the amount of the judgment. The defendant was required to pay $600 down, and $1750 additional in semiannual installments of $50 each. He was worth something over $11,000. We do not think this court can say the amount was excessive.

The judgment is affirmed.